UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Jarret Fortin,
    Plaintiff

    v.                                     Case No. 19-cv-797-SM
                                        Opinion No. 2020 DNH 141

Gulfoslides, LLC,
    Defendant

## O R D E R

Pro se plaintiff, Jarret Fortin, brings this action against Gulfoslides, LLC, asserting various state and federal claims arising out of his alleged ownership of property in Epping, New Hampshire. Gulfoslides moves to dismiss those claims, arguing that none states a viable cause of action. For the reasons given, that motion to dismiss is granted.

**Background**

Fortin's claimed ownership of the property at issue in this case has prompted litigation in both state and federal courts dating back several years. During that time, significant judicial and private resources have been devoted to resolving Fortin's assertions of ownership, conspiracy, fraud, securities counterfeiting, and record falsification, as well as his demands

for a "wet ink" original of the pertinent mortgage, "validation" that Deutsche Bank is a true "holder in due course," and the like. For purposes of this case, however, the relevant factual backdrop can be distilled into a fairly brief narrative.[1]

In August of 2005, Virginia Bacon received a loan of approximately $300,000 from Option One Mortgage Corporation. To secure repayment of that loan, she conveyed to Option One a mortgage deed to the property located at 162 Coffin Road (also known as 162 Old Hedding Road), Epping, New Hampshire (the "Property"). Subsequently, in April of 2013, Option One assigned that mortgage to Deutsche Bank, as Trustee for Soundview Home Loan Trust.

Eleven years after receiving the mortgage loan, in August of 2016, Bacon invoked the provisions of 15 U.S.C. § 1635 and unilaterally "rescinded" the loan and mortgage deed. She recorded a copy of her "Notification of Rescission" in the registry of deeds. That same day, Bacon gifted the Property to plaintiff, Jarrett Fortin – purportedly free and clear of any

---

[1]   A more detailed history of this dispute can be found in the court's opinion in Fortin v. Ocwen Loan Servicing, LLC, No. 15-CV-122-JL, 2015 WL 5693115, at *3 (D.N.H. Sept. 28, 2015) (Laplante, J.).

2

encumbrances, including the newly-"voided" mortgage deed held by Deutsche Bank.[2]

Perhaps not surprisingly, Deutsche Bank saw things differently.  When the loan remained unpaid, Deutsche Bank conducted a foreclosure sale, at which it was the high bidder.  In March of 2017, it recorded a foreclosure deed in the registry of deeds.  Two years later, Deutsche Bank conveyed the Property to the defendant, Gulfoslides.  That instrument was also recorded in the registry of deeds.  Two months after taking title to the Property, Gulfoslides served Fortin with an eviction notice and the New Hampshire Circuit Court issued judgment awarding possession to Gulfoslides.  This litigation, which originally included Deutsche Bank as a defendant, followed.

**Discussion**

In his Amended Complaint (document no. 52), Fortin advances five claims against Gulfoslides: declaratory judgment as to his ownership of the Property; slander of title; intentional infliction of emotional distress; negligent infliction of

---

[2]   The legal relationship between Bacon and Fortin is unclear.  But, they are not strangers to each other.  In previous litigation, Bacon stated that the two have a daughter together.

emotional distress; and civil conspiracy.  None has merit or requires lengthy discussion.

The "Notification of Rescission" that Bacon recorded in the registry of deeds eleven years after receiving the loan was, among other shortcomings, untimely under 15 U.S.C. § 1635(a) and (f).  Deutsche Bank did not, as Fortin claims, "waive" its objection to rescission.  Nor did the "Notification of Rescission" extinguish Deutsche Bank's rights under the mortgage deed.  Nor did the purported rescission render Deutsche Bank's subsequent foreclosure sale "void."  Nor was Deutsche Bank's recordation of the foreclosure deed untimely.

Consistent with both state and federal law, Deutsche Bank conducted a valid foreclosure of the mortgage deed which divested Fortin and Bacon of any rights they may have had in the Property.  Subsequently, Deutsche Bank lawfully conveyed the Property to Gulfoslides which, based upon the allegations in the Amended Complaint and public documents of record, appears to be the legal title holder.  Thus, Fortin is not entitled to a judicial declaration that he is the owner of the Property; the record establishes that, as a matter of law, he holds no legal or equitable interest in the Property.

His remaining claims fare no better. Because Fortin holds no interest in the Property, Gulfoslides could not have "slandered" his title. As for Fortin's claims of negligent and intentional infliction of emotional distress (which are largely derivative of his slander claim), the Amended Complaint fails to plausibly allege the essential elements of either cause of action. Similarly, Fortin's assertion that Gulfoslides "conspired" with Deutsche Bank to unlawfully divest him of his interest in the Property fails to plausibly allege the essential elements of a viable cause of action.

## Conclusion

While alluring in its simplicity, the plan to unilaterally "rescind" the mortgage deed did not have the legal effect that Fortin and Bacon intended. Of course, if it were that easy to rescind a mortgage deed and extinguish any obligation to repay a legitimate mortgage loan, then presumably everyone would do it and such loans would soon become largely unavailable.

For the reasons discussed, as well as those set forth in defendant's legal memoranda (documents no. 43-1 and 53-1), and those set forth in the memorandum submitted by Deutsche Bank (a defendant under Fortin's original complaint) (document no. 41-

...
...

1), Gulfoslides' Motion to Dismiss the Amended Complaint (document no. 53) is granted.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 13, 2020

cc:  Jarret Fortin, pro se
     Christopher T. Hilson, Esq.